PER CURIAM:
Claimant brought this action for vehicle damage sustained when his vehicle’s windshield was struck by loose gravel when he was traveling on W.Va. Route 62 at Clifton between Point Pleasant and New Haven. W.Va. Route 62 at this location is a road maintained by respondent in Mason County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim, occurred on May 24, 1999, at approximately 9:30 p.m. On the night in question, claimant was traveling on W.Va. Route 62 in his 1998 Mazda 626 at a speed of about fifty to sixty miles per hour with the aid of the vehicle’s headlights. Mr. Keyser frequently travels this portion of W.Va. Route 62. At this location, W.Va. Route 62 is two-lane, black top road with double yellow lines indicating the center of the road surface and white lines indicating the edges of the road surface. Crushed class 1 limestone gravel, about one-half to one and one-half inches in size, is placed along the berm of the road surface. As Mr. Keyser drove the vehicle along the road, a vehicle about four to five car lengths away propelled a piece of limestone gravel on the road surface into the air which struck his vehicle’s windshield, impacting near the State inspection sticker. The subsequent impact cracked the windshield and the crack eventually split to the other side of the windshield by the following morning. According to Mr. Keyser, respondent is negligent in its placement of limestone gravel on the berms of State roadways b ecause g ravel w ill g et o nto t he r oad s urface a nd is t hen p ropelled b y vehicles. As a result of this incident, his vehicle sustained damage in the amount of $274.58. Mr. Keyser asserts that his comprehensive motor vehicle insurance policy did not cover this incident. The Court requested an abstract of Mr. Keyser’s motor vehicle insurance policy in effect at the time of the incident. As of the date of this opinion, Mr. Keyser has failed to provide the Court with his insurance abstract.[1]
*216 The position of respondent was that it did not have notice that the limestone gravel caused any hazard to the traveling public on W.Va. Route 62. According to H. Ross Roush, Crew Supervisor for respondent in Mason County, fifty percent of roads in West Virginia have limestone gravel along the berms. At this location, the road surface of W.Va. was last paved in 1996 or 1997. Mr. Roush asserts that he seldom receives complaints that gravel creates any problems for the traveling public. While Mr. Roush acknowledged that limestone gravel can and does get onto the road surface, he was unaware of any complaints that any broken windshields may have resulted from such loose gravel being thrown onto vehicles.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive n otice o f t he de feet a nd a r easonable t ime to t ake c orrective a ction. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the present claim, the evidence failed to establish that respondent had notice of a hazardous condition on W.Va. Route 62. While the Court is sympathetic to claimant’s plight, the fact that loose gravel does get onto the road surface is insufficient to constitute negligence on the part of respondent. Respondent cannot be expected to construct every berm in this State in such a manner as to prevent loose gravel from getting onto a road surface. Consequently, there is insufficient evidence of negligence on which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.

 In past claims, failure to tender an insurance abstract requested buy the Court has been grounds for dismissal of a claim. See Phillips vs. Division of Highways, (CC-97-87) opinion issued April 15, 1998.